UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dell Layfette Carter, # 226198, ) | C/A No. 3:06-1187-TLW-JRM |

Dell Layfette Carter, # 226198,                    ) C/A No. 3:06-1187-TLW-JRM
                                                    )
                    Plaintiff,                      )
                                                    )
vs.                                                 )
                                                    )
Terry Millar, Attorney;                             )
Rayford Ervin, Clover Police Dept.;                 )     Report and Recommendation
Frank Sadler, Clover Police Dept.;                  )
Magistrate Edward Harvey;                           )
Judge Costa Pleicone (sic);                         )
Judge Derham Cole;                                  )
Willy Thompson, Solicitor;                          )
Sally Elliott, Attorney,                            )
                                                    )
                    Defendants.                     )
_____

    The plaintiff is an inmate at the Evans Correctional Institution. He raises issues in this

Section 1983 action pertaining to his 1995 arrest, trial and conviction. He states he is suing for false

arrest, false imprisonment, malicious prosecution, defamation of character, and mental and

emotional distress. Plaintiff also claims that three defendants were "coaching" Department of

Corrections mailroom staff and York County Detention Center mailroom staff thereby denying him

access to the courts. In addition, he is attempting to attack several disciplinary charges at both the

York County Detention Center and Kershaw Correctional Institution. In his complaint the plaintiff

states there is a prison grievance procedure but he alleges he did not avail himself of the same. He

seeks damages.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to 28 U.S.C. § 1915 (as amended); 28 U.S.C. § 1915A; and other provisions in the Prison Litigation Reform Act.  The review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir., September 15, 1995)(*en banc*), *cert. denied*, 64 U.S.L.W. 3623, 134 L.Ed.2d 219, 116 S.Ct. 1273 (U.S., March 18, 1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).  This court is required to construe *pro se* complaints liberally.  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); and Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint the plaintiff's allegations are assumed to be true.  Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975).  Even under this less stringent standard, the above-captioned case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Insofar as the plaintiff's subsequent conviction, related state court proceedings, and arrest are concerned, however, the § 1983 complaint is subject to summary dismissal because a right of action

has not yet accrued.  *See* <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994):

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Heck v. Humphrey</u>, *supra.  See also* <u>Schafer v. Moore</u>, 46 F.3d 43 ( 8th Cir. 1995)("Therefore, in light of *Heck*, the complaint was properly dismissed for failure to state a claim."); and <u>Woods v. Candela</u>, 47 F.3d 545 (2nd Cir. 1995)(*per curium*)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed), *cert. denied*, <u>Candela v. Woods</u>, 516 U.S. 808 (1995).  *See also* <u>Brooks v. City of Winston-Salem, N.C.</u>, 85 F.3d 178 (4th Cir. 1996)*.  Accord* <u>Smith v. Holtz</u>, 879 F. Supp. 435 (M.D.Pa., March 24, 1995); <u>Burnside v. Mathis</u>, 2004 WL 2944092 (D.S.C. 2004).

The plaintiff has failed to establish that his conviction has been reversed, expunged, or declared invalid by a state court, or that a  federal writ of habeas corpus has been issued.  As such, any challenge to his 1995 conviction must be dismissed for failure to state a claim.

Plaintiff has named as defendants "Magistrate Edward Harvey", "Judge Costa Pleicone", and "Judge Derham Cole".  Judges have absolute judicial immunity from a suit for damages.  *See* <u>Mireles v. Waco</u>, 502 U.S. 9, 116 L.Ed.2d 9, 112 S.Ct. 286 (1991); <u>Stump v. Sparkman</u>, 435 U.S.

349, 351-364 (1978); Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987)(a suit by South Carolina inmate against two Virginia magistrates); and Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also* Siegert v. Gilley, 500 U.S. 226, 114 L.Ed.2d 277, 287, 111 S.Ct. 1789 ,(1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); Burns v. Reed, 500 U.S. 478, 114 L.Ed.2d 547, 562, 111 S.Ct. 1934 (1991)(safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct); and Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability").  Consequently, these three defendants are entitled to summary dismissal.

In South Carolina, regional prosecutors are called Solicitors and Assistant Solicitors.  *See* § 24 of Article V, Constitution of the State of South and § 1-7-310, South Carolina Code of Laws. Solicitors are elected by voters of a judicial circuit.  Prosecutors, such as Solicitor Thompson, have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, grand jury proceedings, pre-trial "motions" hearings, and ancillary civil proceedings. *See* Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Burns v. Reed, supra, 114 L.Ed.2d at 561-562 & n. 6; and Hart v. Jefferson County, 1995 WESTLAW® 82277 (D.Ore., February 24, 1995)(allegations by plaintiff of malicious motives on part of two prosecutors insufficient to overcome prosecutorial immunity), *amended opinion reported at* 1995 WESTLAW® 399619 (D.Ore., June 15, 1995).  Therefore, Solicitor Thompson would be entitled to summary dismissal.

Any state law causes of action, such as false arrest, false imprisonment, malicious

prosecution, defamation of character, and mental and emotional distress would be cognizable in this court under the diversity statute, Cianbro Corporation v. Jeffcoat and Martin, 804 F. Supp. 784, 788-791, 1992 U.S.Dist. LEXIS® 21007 (D.S.C. 1992), *affirmed*, Cianbro Corporation v. Jeffcoat and Martin, (4th Cir., November 22, 1993), 10 F.3d 806 [Table], if that statute's requirements are satisfied.  The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See* Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978).  This court has no diversity jurisdiction because all parties in the above-captioned case are residents of the State of South Carolina.  Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.  The plaintiff is not without a forum: he may file suit in a Court of Common Pleas, which would have jurisdiction over a suit brought by a South Carolina resident against other South Carolinians.

Plaintiff also seeks to challenge the decisions of Disciplinary Hearing Officers made while he was incarcerated at both the York County Detention Center and the Kershaw Correctional Institution.  The claims which plaintiff raises, while appropriate for a Section 1983 action, cannot be heard by a District Court until the plaintiff has exhausted his prison administrative remedies.  *See* 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v.

Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S. Ct. 983 (2002); Booth v. Churner, 531 U.S. 956, 149

L.Ed.2d 958, 121 S.Ct. 1819 (2001) (unanimous decision: PLRA requires administrative exhaustion

even if grievance procedure does not allow monetary damages and prisoner seeks only monetary

damages, so long as grievance tribunal has authority to take some responsive action).

In any event, it is not necessary for the Court to reach the issues presented in the above-

captioned matter as it is clear that this action is subject to dismissal pursuant to 28 U.S.C. § 1915(g)

[the Prison Litigation Reform Act].[1] *See* Civil Action No. 3:98-3761; Civil Action No. 3:99-1484;

Civil Action No. 3:99-1800; Civil Action No. 3:99-1813; Civil Action No. 3:00-0423; Civil Action

No. 3:00-0525; Civil Action No. 3:00-1823; Civil Action No. 3:02-1682; Civil Action 3:02-2014;

and Civil Action No. 3:03-0011.  The undersigned does not find that the Plaintiff's claims herein fall

within the "physical injury" exception to the "Three Strikes" Rule; therefore, Plaintiff's case is

subject to dismissal under that Rule. 28 U.S.C. § 1915(g); Green v. Nottingham, 90 F.3d 415, 417-

420 (10th Cir. 1996) [three strikes provision of 28 U.S.C. § 1915(g) can be applied retroactively];

cf. In re Sargent, No. 96-7113, __ F.3d __ 1998 WL 57546 (4th Cir.  February 13, 1998).

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-

---

[1]28 U.S.C. § 1915(g) provides:
> (g) in no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

captioned case *without prejudice* and without issuance and service of process.  *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; <u>Brown v. Briscoe</u>, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, <u>supra</u>; <u>Todd v. Baskerville</u>, <u>supra</u>, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].  ***<u>The plaintiff's attention is directed to the important notice on the next page.</u>***

s/Joseph R. McCrorey<br>
United States Magistrate Judge

April 26, 2006
Columbia, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections. *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections. *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina  29201